U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - SHREVEPORT

DEC - 5 2012

TONY R. MOORE, CLERK
BY_____
       DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JESSE MORRELL | CIVIL ACTION NO: 12-1989 |
| VERSUS | JUDGE DONALD E. WALTER |
| CITY OF SHREVEPORT, ET AL. | MAGISTRATE JUDGE HAYES |

## ORDER

Before the Court is Plaintiff's Second Motion for Preliminary Injunction [Doc. #19]. The Defendants, the City of Shreveport, Louisiana, Willie L. Shaw, Jacqueline V. Willis, and C. Stafford, oppose this motion. [Doc. #22]. For the reasons assigned herein, Plaintiff's Second Motion for Preliminary Injunction is **DENIED**.

Plaintiff filed his Original Complaint alleging that the City of Shreveport improperly imposed a ban on his free expression of his religious beliefs on the sidewalk adjacent to the ElDorado Casino parking garage on Clyde Fant Parkway between East Milam Street to East Fannin Street. Plaintiff alleges that he was unable to obtain a direct answer from the city as to whether a permit is required for him to express his religious beliefs, and thus, he is currently precluded from speaking on said sidewalk for fear of arrest.

The Court previously denied Plaintiff's Original Motion for Preliminary Injunction, finding that Plaintiff failed to establish a substantial threat of irreparable injury. Specifically, the Court noted that the City of Shreveport replied in a sworn affidavit that a permit is not required unless an individual intends to engage in activities described in §42-348 (the street performers ordinance), or use an amplification device as described in §58-30(20). *See* City of Shreveport Code of Ordinances.

Thus, the Court determined that Plaintiff failed to establish a substantial threat of irreparable injury because he does not need a permit to express his religious beliefs.

Shortly after the court issued its order denying Plaintiff's Original Motion for Preliminary Injunction Plaintiff filed an Amended Complaint wherein he raises several new issues. First, Plaintiff alleges that he only seeks to minister to the public, not "perform or entertain" as described in §42-348 (the street performers ordinance), and that any application of the ordinance to his ministry would result in a "troubling and direct infringement of his religious expression." [Doc. #18 at 75]. Second, Plaintiff claims that based on the Defendants' response to these proceedings the City of Shreveport will "continue to apply a ban and permit scheme to his religious expression to preclude him from speaking on public sidewalks adjacent to the Clyde Fant Parkway between East Milam Street and East Fannin Street." [Doc. #18 at ¶ 70]. Third, Plaintiff alleges that the city's uniform ban of the use of an amplification device without a permit adversely affects his ability to spread his message because at times amplification is necessary for his speech to be heard above the traffic noise. Finally, Plaintiff claims that any requirement to apply for a permit unfairly impedes on his ability to spread his religious message without paying a fee and presenting his identification to the public.

Plaintiff has filed a Second Motion for Preliminary Injunction wherein he argues that the City's intent to apply §42-348 (the street performers ordinance) and §58-30(20) (amplification device ordinance) to his street preaching activities would result in an unconstitutional impediment of his freedom of speech. Plaintiff also argues that the language of the ordinances is unreasonable and unconstitutionally vague.

2

The only matter before the court at this juncture is whether a preliminary injunction should be issued to prevent the Plaintiff from suffering an unconstitutional restriction of his free speech. As this court has previously stated, a preliminary injunction may only be issued if the moving party establishes the following four factors: (1) substantial likelihood that he will prevail on the merits, (2) a substantial threat that he will suffer irreparable injury if the injunction is not granted, (3) his threatened injury outweighs the threatened harm to the party whom he seeks to enjoin, and (4) granting the preliminary injunction will not disserve the public interest. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 252-53 (5th Cir. 2009).

The court once again denies Plaintiff's request for a preliminary injunction because he has failed to establish that there is a substantial threat he will suffer irreparable injury. As describe in this Court's previous order, the Plaintiff may freely engage in his public sidewalk ministry without a permit. There is no evidence that the city will prevent Plaintiff from engaging in these activities in the future. Likewise, Plaintiffs has not provided evidence that the amplification device he intends to use will not exceed the threshold of §58-30(20) (the amplification ordinance).

The City of Shreveport has stated on the record in this case that the Plaintiff is not required to obtain a permit to preach on a public sidewalk unless he intends to do so within 10 feet of any street corner, marked pedestrian cross-walk, or within 10 feet of the outer edge of any business (including driveways). Thus, Plaintiff is simply not required to obtain a permit to preach a sermon on the sidewalks of downtown Shreveport. He may engage in religious speech on any public sidewalk in downtown Shreveport as long as he maintains a distance of 10 feet from street corners, cross-walks, or business entrances and he does not implement the use of an amplification device. Otherwise, he will need to obtain the proper permit as set forth in §48-348 and §58-30-(20).

3

Alternatively, the court denies Plaintiff's request for a preliminary injunction because it is unlikely that he will be successful on the merits. The court has reviewed Plaintiff's Memorandum regarding the constitutionality of the City's ordinances and their application to the facts of ths case. The ordinances in question appear to be content neutral, narrowly tailored to serve a legitimate government interest, and leave open alternative channels for communication. *Service Employees Intern. Union, Local 5 v. City of Houston*, 595 F.3d 588, 596 (5th Cir. 2010); citing *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37 (1983). However, the court will make a final determination of the constitutionality of the ordinances in question in the context of the hearing for a permanent injunction, which will be held concurrently with the trial of Plaintiff's federal civil rights claims against the City of Shreveport and the individually named Defendants.

Accordingly, Plaintiff's Second Motion for a Preliminary Injunction [Doc. #19] is hereby **DENIED**.

**THUS DONE AND SIGNED**, this ____ day of December, 2012.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE